**Stephen SPEER, Appellant,**

v.

**NORFOLK SOUTHERN RAILWAY CORPORATION.**

No. 04–1323.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 27, 2005.

Decided Feb. 10, 2005.

Gregory G. Paul, Peirce, Raimond & Coulter, Pittsburgh, PA, for Appellant.

Thomas H. May, Dickie, McCamey & Chilcote, Pittsburgh, PA, for Appellee.

Before SCIRICA, Chief Judge, RENDELL and FISHER, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Appellant Stephen Speer ("Speer") appeals from the District Court's grant of summary judgment in favor of defendant Norfolk Southern Railway Corporation ("Norfolk") in a suit filed by Speer alleging he was the object of discrimination in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq. We affirm the District Court's grant of summary judgment.

## I. Standard of Review and Governing Law

This Court exercises plenary review of a district court's grant of summary judgment, and applies the same standard as the district court below—i.e., summary judgment is proper where no genuine issue of material fact exists, and where, viewing the facts in the light most favorable to the party against whom summary judgment was entered, the moving party is entitled to judgment as a matter of law. *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir.2004).

Under the Americans with Disabilities Act ("ADA"), "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A qualified individual with a disability is a person "with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). The ADA defines a "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Claims that an employee was the object of discrimination because he was "regarded as" having a disability are evaluated under the *McDonnell Douglas* burden-shifting paradigm. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 & n. 13, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The *McDonnell Douglas* analysis proceeds in three stages. *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir.1999). First, the plaintiff must establish a *prima facie* case of discrimination. *Id.* If the plaintiff succeeds in establishing a *prima facie* case, the burden then shifts to the employer "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802. Finally, should the defendant

carry this burden, the plaintiff then has the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Jones*, 198 F.3d at 410 (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981)).

In order to make out a *prima facie* case of discrimination under the ADA, thereby satisfying the first prong of the *McDonnell Douglas* burden-shifting paradigm, a plaintiff must be able to establish that he (1) has a disability; (2) is a qualified individual; and (3) has suffered an adverse employment action because of that disability. *Deane v. Pocono Med. Ctr.*, 142 F.3d 138, 142 (3d Cir.1998) (citing *Gaul v. Lucent Techs., Inc.*, 134 F.3d 576, 580 (3d Cir. 1998)).

## II. Discussion

The factual background of this action, which is lengthy and complicated, was thoroughly discussed by the District Court and is known to the parties. Accordingly, we will focus in this opinion on the rationale for our decision.

The District Court concluded that Norfolk did not regard Speer as having a disability and that he was not subject to any adverse employment actions because he was regarded as disabled. Speer argues that both of these conclusions are wrong, yet the evidence he presents fails to support the opposite of either contention.

■ A person is "regarded as" having a substantially limiting disability where (1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). Upon the record, there is no evidence that Norfolk mistakenly believed that Speer's bi-polar disorder and the medication he took to control the symptoms thereof substantially limited him in a major life activity.

After Norfolk discovered that Speer took prescription medication, Speer was only prohibited from driving the five-ton boom trucks, which carry potentially dangerous substances, such as oxygen and acetylene. Speer continued to drive three-man and six-man pickup trucks and continued to receive the same wages despite the change in job responsibilities. Even when Norfolk's Director of Medical Services instructed Speer that he should not take his medication within six hours of reporting to work or while on duty, Speer's supervisor, Mr. Headrick, told Speer to continue to work at his assigned jobs, except driving the five-ton boom truck. This evidence does not suggest that Norfolk regarded Speer as disabled, but rather suggests that Norfolk reasonably wanted to restrict Speer's activities with respect to the potentially dangerous duty of driving a five-ton boom truck while ascertaining whether the drugs interfered with his abilities.

■ Additionally, even assuming Speer was "regarded as" having a disability and was a qualified individual, satisfying the first two prongs of a *prima facie* case of discrimination under the ADA, there is no evidence to demonstrate that Speer suffered any adverse employment action. An adverse employment action is one which alters the employee's compensation, terms, conditions, or privileges of employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee. *See Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1300 (3d

Cir.1997). As the District Court noted, the events which Speer argues constituted adverse employment actions involved employees other than those who Speer contends regarded him as disabled, or were made on other non-discriminatory bases. Speer was released from his various positions either as a result of his lack of seniority under the terms of the union's collective bargaining agreement, or because he lacked the proper CDL endorsement for the positions in question. He was finally terminated from his job when he failed to report for duty after being advised by both the Supervisor of Administrative Services at Norfolk and his union representative that he should report to work. Accordingly, there is no evidence that Speer suffered any adverse employment actions because he was regarded as disabled.

For these reasons, we will affirm the entry of summary judgment for Norfolk.